STAR EXPANSION INDUSTRIES CORPORATION, peticionaria, *v.* TRIBUNAL SUPERIOR DE PUERTO RICO, SALA DE SAN JUAN, HON. FRANCISCO ESPINOSA, JUEZ, demandado; GEORGE H. McMURRAY y FACTORY REPRESENTATIVE CORP. y MATERIALS & SUPPLY CORP., ESTADO LIBRE ASOCIADO DE PUERTO RICO, interventores.

*Número:* O-72-94        *Resuelto:* 6 de febrero de 1973

*Goldman, Antonetti, Subirá & Barreto* y *Jorge L. Martínez,* abogados de la peticionaria; *Tilley, Esteves & Ríos,* abogados de los interventores y *Wallace González Oliver, Secretario de Justicia, Gilbertò Gierbolini, Procurador General* y *Secretario Auxiliar,* a cargo de asuntos monopolísticos, *Luis A. Michelly* y *Ralph T. Skelly González, Subdirector* y Fiscal Especial de la Oficina de Asuntos Monopolísticos, respectivamente.

—O—

Voto disidente del Juez Asociado Señor Ramírez Bages

San Juan, Puerto Rico, a 6 de febrero de 1973

Disiento porque la prueba aducida en la vista celebrada sobre la solicitud de *injunction* preliminar al amparo de lo dispuesto en el Art. 3-A de la Ley Núm. 75 de 24 de junio de 1964, enmendada por la Ley Núm. 17 de 24 de mayo de 1971, (10 L.P.R.A. sec. 278b-1), sostiene las conclusiones de hecho del tribunal de instancia en su Resolución y Orden de 27 de enero de 1972, enmendada por la resolución de 25 de febrero de 1972. Creo, por el contrario, que sólo se podría sostener la improcedencia del remedio provisional de *injunction* en aseguramiento de sentencia en caso de que el tribunal concluyera que esa disposición de la Ley Núm. 75 es inconstitucional o que dicha Ley Núm. 75 es de por sí inconstitucional o que su aplicación a un contrato celebrado con anterioridad a la fecha de la vigencia de esa ley es inconstitucional no obstante que

la terminación del mismo sin la justa causa definida en dicha ley tiene lugar con posterioridad a la vigencia de la referida ley. De ahí que la impugnación de la recurrente de la referida Resolución y Orden se base fundamentalmente en la aplicación retroactiva de la Ley Núm. 75.

No se adujo prueba por la recurrente en la referida vista. La que presentaron los interventores fue al efecto de que Factory Representative Corporation (en lo sucesivo designada como Factory), recibía mercancía de la recurrente a consignación de acuerdo con un contrato de distribución celebrado por las partes nueve años antes, cobraba su comisión por adelantado y que los pagos por la mercancía vendida se hacían dentro de plazos que variaban de 90 a 150 días.

Es de notar que cuando se radicó la primera demanda de cobro de unos $61,425.04 en mayo de 1971, se embargó toda la mercancía en el almacén de Factory el valor de parte de la cual fue sustituido por una fianza de $189,000.00. Se embargaron, además, fondos de Factory depositados en una cuenta bancaria. Paralizado el negocio de Factory en esta forma, la recurrente fue enmendando su demanda de tiempo en tiempo para adicionarle cantidades adicionales hasta un total de $212,340.88.

Poco después del embargo de mayo de 1971, la recurrente remitió una circular en que anunciaba la apertura de su oficina de ventas en Puerto Rico la que comenzó a funcionar a fines de julio de 1971 a cargo de un anterior ejecutivo de Factory. En la contestación de la recurrente a la reconvención de la recurrida, aquélla aceptó que el contrato de distribución había sido terminado.

No se adujo prueba de que antes de radicar la primera demanda de cobro de dinero, la recurrente gestionase el cobro de cuentas pendientes que la recurrida le adeudase, consideración que es corriente y usual entre comerciantes de tantos años de relaciones exitosas durante los cuales los interventores aumentaron las ventas de los productos de la recurrente de

unos $20,000 a unos $200,000 al año. De haber sido el único propósito de la recurrente el cobrar unas cuentas atrasadas montantes a unos $61,000, y no el de terminar el contrato y montar su propia oficina de ventas, la recurrente hubiese tratado la cuestión por la vía de la negociación y de darse cuenta que su mercancía estaba aún en el almacén de Factory sin vender, posiblemente hubiese extendido el término para venderla y hasta hubiese ofrecido medios para facilitar su disposición en el mercado.

En vista de lo expuesto, no creemos que el tribunal de instancia incidió al decretar el *injunction* preliminar en este caso. Tomando en consideración los intereses de todas las partes envueltas, resulta evidente que la recurrente tiene poco que perder al verse obligada a continuar haciendo negocios con la recurrida mientras se dilucidan todas las cuestiones envueltas en este litigio. Por el contrario, la paralización completa y absoluta de los negocios de la recurrida, como consecuencia de los embargos de todos sus haberes, la colocan en un estado de indefensión tal que cualquier remedio que en última instancia pudiere obtener podría resultarle inefectivo a los efectos de permitirle continuar sus negocios como hasta la fecha de los referidos embargos. Es precisamente para casos como éste que, en apoyo de la política pública enunciada a través de la Ley Núm. 75 antes citada, la Asamblea Legislativa tuvo a bien adicionar la Sección 3-A de dicha ley proveyendo un remedio provisional interdictal.

Creo que, a los efectos de resolver la cuestión planteada, el tribunal debe pasar juicio sobre la constitucionalidad de la Ley Núm. 75 en su aplicación a las circunstancias de este caso.